Submitted on record and briefs April 25, resubmitted In Banc December 12, 1990,
reversed and remanded for a new trial January 16, 1991

STATE OF OREGON,
*Respondent,*

*v.*

JOSEPH C. ALI,
*Appellant.*

(C8803-31480; CA A50890)

803 P2d 1231

Sally L. Avera, Salem, Public Defender, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Rives Kistler, Assistant Attorney General, Salem, filed the brief for respondent.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992. He assigns error to the denial of his motion to suppress a paper wad that contained cocaine found under the front seat of the car in which he was a passenger. We reverse and remand.

The court made no findings of fact, but the facts are undisputed. In March, 1988, Portland police officers Rhodes and Justus stopped a car on a Portland street, because it had no license plate light. While Rhodes talked to the driver, Justus stood alongside the car on the right, just behind the rear passenger seat. Justus saw defendant, who was a passenger in that seat, roll a small piece of orange paper into a wad and place it under the seat in front of him. Justus stepped up to the car, shined a flashlight into the passenger compartment and saw two open beer cans protruding from under the front seat. Justus ordered defendant and the other three occupants of the car to get out. The transcript discloses this sequence of events:

"Q [Prosecutor]  Now, what did you do, then, after you got everybody out?

"A [Justus]  I reached under the seat, took out the two cans of beer. There was a block of goat cheese, a big block of cheese under the seat, and then there was that little ball of paper that Mr. Ali [defendant] had put under the seat.

"Q [Prosecutor]  Could you see whether there was anything else under the seat?

"A [Justus]  There was — that was it.

"* * * * *

"THE COURT:  How could you see the paper when you were retrieving the beer cans?

"THE WITNESS [Justus]:  Well, it was right under the seat. The two cans were like this. The block of cheese was here. And when I took the cans out, the paper was sitting right behind the cans under the seat.

"THE COURT:  You didn't have to reach under or put your head clear on the floor or something to see where that paper was?

"THE WITNESS [Justus]:  Oh, sure. When I reached

down, I pulled the cans out. I looked underneath there, and I could see the cheese and I could see the piece of paper.

"THE COURT: Okay.

"MR. SHEN [Prosecutor]: Go on, Officer. What happened next?

"THE WITNESS [Justus]: Well, I took the two cans of beer, reached in and picked up the piece of paper and felt it * * *."

Justus' testimony shows that, after he reached under the seat and took out the two beer cans, he saw that there were no other beer cans there. He then reached under the seat solely to remove the paper wad. He testified further that after picking it up, its contents felt consistent to his touch with rock cocaine. He then opened it and discovered cocaine.

Defendant moved to suppress the paper wad and its contents, asserting, among other things, that Justus seized it without probable cause in violation of Article I, section 9, and the Fourth Amendment.[1] The court denied the motion on the ground that Justus had not seized the paper wad until he opened it and that, by that time, he had probable cause to open it.

■ In *State v. Owens*, 302 Or 196, 207, 729 P2d 524 (1986), the court said that

"[a] 'seizure' occurs when there is a significant interference with a person's possessory or ownership interests in property. The seizure of an article by the police and the retention of it (even temporarily) is a significant intrusion into a person's possessory interest in that 'effect.' "

Justus seized the wad when he reached in and picked it up. At that moment, he possessed defendant's personal property. Moreover, he retained it. He then tactilely examined it. We conclude that under Article I, section 9, he seized it when he picked it up.

■ The state also asserts that

"[b]ecause the officer properly was looking for evidence of

---

[1] Defendant also moved to suppress on the ground that once Justus had seized the wad, he did not have probable cause to open it. Defendant does not make that argument on appeal.

another crime, he, at the least, had a greater privilege to touch or move the folded paper than he otherwise would have."

When Justus saw the two open beer cans, he was entitled to search for evidence relating to an open container law violation. At the time that he seized the wad, however, he knew that no more beer cans were under the front seat. His seizure of the wad was unrelated to a search for evidence of an open container violation. *See State v. Owens,* 302 Or 196, 204, 729 P2d 524 (1986), *citing State v. Caraher,* 293 Or 741, 653 P2d 942 (1982).

Justus' warrantless seizure was invalid, unless exigent circumstances and probable cause support it. Exigent circumstances existed, *see State v. Brown,* 301 Or 268, 276, 721 P2d 1357 (1986), but Justus lacked probable cause. He testified that there was nothing about the appearance of the wad that indicated to him that it contained drugs and nothing about the appearance of the passengers that indicated to him that they were using drugs. He testified that he simply suspected that defendant "was hiding something." Suspicion alone does not establish probable cause. *State v. Herbert,* 75 Or App 106, 110, 705 P2d 220 (1985), *rev'd on other grounds,* 302 Or 237, 729 P2d 547 (1986).

The court erred in denying defendant's motion to suppress the paper wad and its contents.[2]

Reversed and remanded for a new trial.

---

[2] It is unnecessary to address defendant's Fourth Amendment argument.